09-3818-ag
Nderere v. Holder

BIA
Straus, IJ
A029 853 242

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve,

PRESENT:
>        JOHN M. WALKER, JR.,
>        PIERRE N. LEVAL,
>        ROSEMARY S. POOLER,
>            *Circuit Judges.*

_____

Jeannette Lois Nderere, also known as
Jeanette Preston,
>        *Petitioner*,

>        v.                                    09-3818-ag
>                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Jon Bauer, Timothy H. Everett,
                         Patrick Mott, Hartford, Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Terri J. Scadron, Assistant
                         Director; Wendy Benner-León, Trial
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and GRANTED in part.

Petitioner Jeannette Lois Nderere, a native and citizen of Zimbabwe, seeks review of a August 14, 2009, order of the BIA, affirming the March 12, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, denying her application for asylum and withholding of removal, and granting deferral of removal under the Convention Against Torture ("CAT"). *In re Nderere,* No. A029 853 242 (B.I.A. Aug. 14, 2009), *aff'g* No. A029 853 242 (Immig. Ct. Hartford, Conn. Mar. 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Although we lack jurisdiction to review a final order of removal entered against an alien, like Nderere, who is removable by reason of having committed

2

a criminal offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii) (relating to convictions for aggravated felonies), *see* 8 U.S.C. § 1252(a)(2)(c), we retain jurisdiction to review constitutional claims and questions of law raised in petitions for review filed by such aliens, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011); *see also* 8 U.S.C. § 1252(a)(2)(D). As discussed below, Nderere's arguments invoke our jurisdiction because they present questions of law regarding whether the agency properly construed statutory language and applied the correct legal standard. *See Jian Hui Shao v. BIA*, 465 F.3d 497, 502 (2d Cir. 2006) (finding that a statutory interpretation question raises a question of law); *see also Nethagani v. Mukasey*, 532 F.3d 150, 154-55 (2d Cir. 2008) (finding that this Court has jurisdiction to review the BIA's finding that an alien committed a "particularly serious crime" because such a determination is not solely within the discretion of the Attorney General).

**I. Asylum**

The BIA was not required to make a separate determination of whether Nderere constituted a danger to the community. An alien is not eligible for asylum or

withholding of removal "if the Attorney General determines that—the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).[1] The asylum statute also provides that convictions for aggravated felonies will be deemed "particularly serious crimes," and that "[t]he Attorney General may designate by regulation offenses that will be considered to be a ['particularly serious crime']." *See* 8 U.S.C. § 1158(b)(2)(B)(i), (ii), (b)(2)(A)(ii). The BIA has held that the determination of whether an alien poses a danger to the community is subsumed in the analysis of whether the alien has committed a particularly serious crime. *See Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007); *see also Matter of Carballe,* 19 I. & N. Dec. 357, 360 (BIA 1986). We have deferred to this interpretation. *See Nethagani* 532 F.3d at 154, n.1 (noting that this Court has accepted the BIA's interpretation of the statute) (citing *Ahmetovic v. INS*, 62 F.3d 48, 52-53 (2d.

---

[1] The wording of § 1231 is slightly different: "if the Attorney General decides that—the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii).

Cir. 1995) (acknowledging that the statutory clause regarding "danger to the community" seemed superfluous unless a separate inquiry is made into an alien's "dangerousness," but that the BIA's interpretation of the statute was not unreasonable)).

Although Nderere correctly points out that this Court has not reviewed the "particularly serious crime" provision as it relates to the current asylum statute, we have found reasonable the BIA's interpretation of that clause as it relates to identical provisions contained in the withholding of removal statute and a previous administrative regulation. *See Ahmetovic*, 62 F.3d at 52-53; *see also* 8 C.F.R. § 208.14(c)(1) (1995); 8 U.S.C. § 1231(b)(3)(B)(ii). Because the "particularly serious crime" bar at issue in this case is identical to those previously addressed, we find that the BIA reasonably interpreted the current asylum statute and that the agency was not required to make a separate finding that Nderere constituted "a danger to the community." Accordingly, because Nderere was convicted of an aggravated felony, her conviction was automatically classified as a "particularly serious crime" under the asylum statute, and the BIA did not err in denying her application for asylum. *See* 8 U.S.C. § 1158(b)(2)(B)(i).

5

## II. Withholding of Removal

The BIA erred, however, when it failed to consider whether coercion and duress were relevant factors in determining whether Nderere's conviction was a "particularly serious crime" for purposes of determining her eligibility for withholding of removal.  The withholding statute explicitly provides that, "notwithstanding the length of a sentence imposed," the Attorney General may find that an alien has been convicted of a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B); *see also Ahmetovic*, 62 F.3d at 51. The agency relied on *Matter of Y-L-, A-G-, and R-S-R-*, 23 I. & N. Dec. 270 (A.G. 2002), to find that Nderere's conviction was a "particularly serious crime."  However, none of the cases before the Attorney General in *Matter of Y-L-, A-G-, and R-S-R-* involved circumstances of coercion or duress; rather, they involved voluntary acts by the petitioners. *See id.* at 271.  Furthermore, Courts have long recognized that the presence of coercion and duress vastly reduces the culpability of a person's conduct, and have therefore applied a presumption that legislators must have contemplated making allowance for conduct motivated by coercion and duress, even if such exceptions are not explicitly stated in the statutes. *See, e.g., United States*

6

*v. Bailey*, 444 U.S. 394, 415 n.11 (1980) (criminal statutes). In the context of immigration laws, the Supreme Court held in *Negusie v. Holder*, that the circumstance of duress was significant in determining the applicability of a withholding bar under 8 U.S.C. § 1231(b)(3)(B)(i), and remanded the case to the BIA to determine the issue in the first instance. 129 S. Ct. 1159, 1164-66 (2009) (addressing the relevance of duress in the application of the persecutor bar). Because it is unclear whether *Matter of Y-L-, A-G-, and R-S-R-* applies to Nderere's case, and because the BIA has not yet determined whether it is reasonable to exclude factors of coercion and duress in determining whether a crime is "particularly serious," we remand to the BIA for it to address the matter in the first instance. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (holding that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the BIA's order is VACATED to the extent it denied withholding of removal, and the case is REMANDED for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7